**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |
|---|---|
| SHENZHEN ZHIMEI LIANCHUANG TECHNOLOGY CO., LTD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>　　　　Defendants. | Case No.: 4:26-cv-593<br><br>DEMAND FOR A JURY TRIAL |

**COMPLAINT**

Plaintiff Shenzhen Zhimei Lianchuang Technology Co., LTD ("Plaintiff") brings this action against the Partnerships and Unincorporated Associations identified in Schedule A (collectively, "Defendants") and alleges as follows:

1.　　　　This is a civil action for patent infringement under 35 U.S.C. §§ 1 et seq., 271, 281, 283, 284, and 285. Plaintiff seeks injunctive relief, damages, and other relief against Defendants for their unauthorized importation, offering for sale, and sale of the rechargeable, self-heating electric lunch box products depicted in Exhibit B (the "Accused Products"), which infringe at least Claim 1 of U.S. Patent No. 12,408,781 B1 (the "Asserted Patent"). A true and correct copy of the Asserted Patent is attached hereto as Exhibit A. Claim charts demonstrating that each Accused Product practices each and every element of Claim 1 of the Asserted Patent are attached hereto as Exhibit C.

**JURISDICTION AND VENUE**

Page 1 of 10

2.     This Court has subject matter jurisdiction over this action pursuant to the Patent Act, 35 U.S.C. § 1 et seq., and 28 U.S.C. §§ 1331 and 1338(a)–(b).

3.     This Court has personal jurisdiction over Defendants because each Defendant directs business activities toward consumers in the United States, including within the State of Texas, through the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores") and related instrumentalities through which they advertise, offer to sell, sell, import, distribute, supply, fulfill, or otherwise facilitate the Accused Products. Defendants thereby cause the Accused Products to be offered for sale and sold to residents of Texas, including within this District. Each Defendant targets this forum by accepting payment in U.S. dollars, enabling or causing the Accused Products to be shipped into this District, and, on information and belief, importing and selling such products as shown in Exhibit B. Plaintiff's pre-suit investigation confirms that at least two of the Defendants identified on Schedule A accepted and fulfilled orders for the Accused Products with a Dallas, Texas shipping address. Defendants have thereby committed acts of infringement in Texas, engaged in interstate commerce, and caused substantial injury to Plaintiff.

4.     Additionally, this Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2). On information and belief, each Defendant is a foreign entity not subject to jurisdiction in any state's courts of general jurisdiction, Plaintiff's claims arise under federal patent law, and the exercise of jurisdiction is consistent with the United States Constitution and laws. Because each Defendant directs its commercial activities at residents of the United States, personal jurisdiction is proper under Rule 4(k)(2).

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(c)(3) because each Defendant is a foreign entity not resident in the United States, and such defendants "may be sued in any judicial district." 28 U.S.C. § 1391(c)(3).

## JOINDER

6.    Joinder of the Defendants identified in Schedule A is proper under 35 U.S.C. § 299 and Federal Rule of Civil Procedure 20(a)(2). Plaintiff asserts rights to relief against each Defendant arising out of the same series of transactions or occurrences relating to the offering for sale, sale, and importation into the United States of the Accused Products.

7.    The Accused Products offered by Defendants share substantially identical structural features and functional configuration. Each Accused Product is a rechargeable, multi-compartment electric lunch box that incorporates the same combination of patented features: an inner box, outer box, rice basin, and upper cover detachably mounted; an internal battery housed at the bottom of the outer box; a waterproof display screen, PCBA, and waterproof sealing cover mounted on a side edge of the outer box; a heating plate and heat insulation sheet at the bottom of the inner box; and temperature sensors arranged on the inner box and electrically connected to the PCBA. See Exhibit C (Claim Charts). On information and belief, the Accused Products are sourced from the same or a small number of original-equipment manufacturers in the People's Republic of China.

8.    Common questions of fact and law will arise with respect to all Defendants, including without limitation: (a) whether the Accused Products practice each and every element of Claim 1 of the Asserted Patent; (b) the construction of any disputed claim terms; (c) the validity of the Asserted Patent; (d) the appropriate measure of damages, including a reasonable royalty under 35 U.S.C. § 284; and (e) the propriety of injunctive relief.

9.      Each Defendant offers the Accused Products for sale to consumers in the United States, including in this District, through online storefronts operated on the same commercial platform, Amazon.com. Each Defendant uses similar tactics, including operation from foreign jurisdictions and concealment of true identifying information, to evade enforcement of U.S. patent rights. Although Plaintiff does not allege that Defendants share common corporate ownership or control, joinder is proper under 35 U.S.C. § 299(a) because Plaintiff's claims against each Defendant arise out of the same series of transactions or occurrences, the offering for sale and sale of the same Accused Product through the same online marketplace, and because common questions of fact will arise. Proceeding jointly at this stage promotes judicial economy and avoids inconsistent adjudications regarding the same patent claims and the same Accused Product.

**INTRODUCTION**

10.     This action is brought by Plaintiff to stop infringers who, without authorization or license, import, offer for sale, and sell the Accused Products. Each Defendant operates an online storefront on Amazon.com through which it offers the Accused Products to unsuspecting consumers. Defendants further seek to avoid liability by concealing their true identities and the scope of their respective operations. Plaintiff is compelled to initiate this action to prevent ongoing infringement of the Asserted Patent and to protect consumers from purchasing infringing goods online. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer irreparable harm through the loss of its lawful patent rights to exclude others from making, using, offering for sale, selling, and importing the patented invention, and therefore seeks injunctive and monetary relief.

**THE PARTIES**

11. Plaintiff Shenzhen Zhimei Lianchuang Technology Co., LTD ("Plaintiff") is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at Room 501, Building B, No. 157 Ping'an Avenue, Pinghu Community, Pinghu Subdistrict, Longgang District, Shenzhen, Guangdong Province, China. Plaintiff is the assignee and owner of all rights, title, and interest in and to U.S. Patent No. 12,408,781 B1, titled "Multifunctional Rechargeable Heat Preservation Lunch Box," which issued on September 9, 2025.

12. Plaintiff has not granted a license or any other form of permission to Defendants with respect to the Asserted Patent.

13. Upon information and belief, each Defendant identified in Schedule A conducts business throughout the United States, including within the State of Texas and this Judicial District, through the operation of its Defendant Internet Store on Amazon.com. Each Defendant independently advertises, distributes, and sells the Accused Products into the United States, including Texas. Although Defendants are nominally independent Amazon storefronts, each is offering the same Accused Product for sale through the same online channel and thereby infringes the Asserted Patent. Tactics used by Defendants to conceal their true identities and the scope of their operations make it difficult for Plaintiff to ascertain their true identities and the full extent of their infringement. Plaintiff reserves the right to amend this Complaint as additional information becomes available.

14. Defendants are individuals and business entities, including foreign companies or entities nominally registered in the United States but operating principally from abroad, who conduct business in the United States by offering or facilitating the sale of the Accused Products

through the Defendant Internet Stores. Each Defendant targets the United States, including Texas, and has offered to sell, and, on information and belief, has sold and continues to sell the Accused Products to consumers within this District. Each Defendant has caused Accused Products to be imported, distributed, or shipped into this District as reflected in Exhibit B.

15.     Each Defendant has, without authorization, offered for sale, sold, and/or imported into the United States Accused Products that practice each and every element of at least Claim 1 of the Asserted Patent. Although Defendants are nominally separate Amazon storefronts, each Defendant's offering and sale of the same Accused Product through the same online marketplace constitutes part of the same series of transactions or occurrences for purposes of joinder under 35 U.S.C. § 299(a).

16.     On information and belief, each Defendant takes steps to conceal its true identity and the scope of its operations, including by operating from foreign jurisdictions, declining to provide verifiable U.S. physical addresses through its Amazon storefront, and conducting its U.S. commercial activity solely through the electronic infrastructure of the Amazon platform.

17.     Such tactics are consistent with the practices of online infringers familiar to Plaintiff, who typically close or abandon one Internet storefront only to open another under a different name, making enforcement of Plaintiff's patent rights difficult absent prompt judicial intervention.

18.     On information and belief, infringers operating in this manner often maintain off-shore bank or payment-processor accounts and move funds outside the jurisdiction of this Court, which makes a prompt restraint of Defendants' U.S.-held assets, principally the funds held in their Amazon seller accounts, essential to the effective enforcement of Plaintiff's patent rights.

19.     Without authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and/or imported into the United States the Accused Products that infringe the Asserted Patent, and continue to do so through the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Texas, and, on information and belief, Defendants have caused the Accused Products to be sold and shipped into this District as shown in Exhibit B.

20.     Defendants' infringement of the Asserted Patent in connection with the importation, offering for sale, and sale of the Accused Products has been willful.

21.     Defendants' infringement of the Asserted Patent, including the offering for sale and sale of the Accused Products into Texas, is irreparably harming Plaintiff.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 12,408,781 B1
### (35 U.S.C. § 271)

22.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

23.     Defendants have offered for sale, sold, and/or imported into the United States, for subsequent resale or use, the Accused Products identified in Exhibit B that infringe at least Claim 1 of the Asserted Patent. Claim charts showing the infringement of the Asserted Patent are attached as Exhibit C.

24.     Defendants' aforesaid acts constitute infringement of the Asserted Patent under 35 U.S.C. § 271. Defendants have engaged in such infringing conduct and will continue to do so unless enjoined by this Court.

25.     Defendants' infringing conduct has caused and will continue to cause Plaintiff irreparable harm, including the loss of Plaintiff's lawful right to exclude others from making,

using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

26.    Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in concert with them from infringing the Asserted Patent, Plaintiff will continue to be greatly and irreparably harmed.

27.    Plaintiff is entitled to recover damages adequate to compensate for Defendants' infringement, together with interest and costs, pursuant to 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

A.    That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a) making, using, offering for sale, selling, and importing into the United States any products not authorized by Plaintiff that infringe the Asserted Patent;

b) aiding, abetting, contributing to, or otherwise assisting anyone in infringing the Asserted Patent; and

c) effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) and (b).

B.    Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon.com, Temu.com, eBay.com, Walmart.com, Wayfair.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers,

third party processors and other payment service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers"), shall:

a) disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Asserted Patent;

b) disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods covered by the Asserted Patent; and

c) take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

C.       That Plaintiff be awarded such damages as will adequately compensate Plaintiff for Defendants' infringement of the Asserted Patent, together with an accounting of all profits realized by Defendants, or others acting in concert or participation with them, from the unauthorized use and infringement of the Asserted Patent.

D.       That Plaintiff be awarded enhanced damages, up to three times the amount of actual damages and Defendants' profits, pursuant to 35 U.S.C. § 284, based on Defendants' willful infringement.

E.       That Plaintiff be awarded its reasonable attorneys' fees and costs as permitted by law.

F.       That Plaintiff be awarded any and all other relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues triable by jury.

DATED: June 3, 2026

Respectfully submitted,

/s/ Mingbo Ye
Mingbo Ye TX Bar#: 24124835
Roumin Xie TX Bar#: 24146927
VERITAS LIGHT LAW GROUP, P.C.
4340 Von Karman Ave Suite 290
Newport Beach CA 92660
Telephone: 832-462-0087
Email: mingboye@veritaslightlaw.com
rouminxie@veritaslightlaw.com

*Attorneys for Plaintiff Shenzhen Zhimei Lianchuang Technology Co., Ltd.*